By the Court.
It appears by the record in this case, that the Plaintiff had possession of the property in question, under an order of the court of Halifax county in the State of Virginia, which directed that the property should be delivered by the executrix to him for his greater security; and that the Court was empowered by the laws of that State to make such an order. It has been urged for the defendant, that the executrix herself could not maintain an action in this state, by virtue of letters testamentary obtained *425 in Virginia; and that the plaintiff could not derive an authority from her, to bring suits, which the herself did not possess. That point has never been directly decided in this state, nor is it indespensibly necessary that it should be decided in this case. If, however, the executrix had sold the property, and the purchaser in consequence thereof had obtained the possession of it, that purchaser could maintain an action for it in this state, in case he became disposessed of it. So, in the present case, the property was conveyed to the plaintiff under very high authority, so much so, that we are inclined to believe, that against that conveyance (or what is tantamount thereto, the order of the Court) an action could not be sustained for it by the executrix its her own name. If so, the power of suing devolved upon the plaintiff. But be this as it may, we think this action may be sustained by the present plaintiff, by virtue of the right which he derived to the property from the order of Court, and the possession which he had of it under that order. For this reason, we think judgment should be entered for the plaintiff.